UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEAN COCHRUN, | ) | Civ. 12-4068-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| SIOUX VALLEY HOSPITAL, and | ) | AND DISMISSING CASE |
| UNKNOWN DOCTOR, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Dean Cochrun, moves for leave to proceed in forma pauperis in his medical malpractice lawsuit against defendants. Cochrun is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota.

Cochrun alleges that he recently became aware that he had been circumcised when he was born at Sioux Valley Hospital in Sioux Falls, South Dakota. Docket 1-2 at ¶¶ 1, 4. Cochrun contends "[t]his procedure is unnecessary, unethical, and immoral" and that the "Unknown Doctor who preformed this procedure had misled [his] mother by failing to inform her that there are no medically necessary reasons for performing the procedure[.]" *Id.* at 3, 6. Because he was circumcised, Cochrun asserts that he has been deprived of feeling and sensitivity during sex and that he has "always felt inadequate" because "somehow [he] knew something was wrong with [him] although he never knew what it was." *Id.* at ¶ 7. Cochrun contends the circumcision was medical malpractice. Cochrun seeks $500 in compensatory damages, $500 in punitive

damages, and asks that defendant Sioux Valley Hospital perform restoration surgery or outsource the surgery to another facility.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires "[a] prisoner seeking to bring a civil action . . ." to make an initial partial filing payment where possible, even if in forma pauperis status is sought. Although Cochrun is not challenging the conditions of his confinement or asserting that his constitutional rights have been violated, the PLRA still applies to his case. *See Glass v. Scottrade, Inc.*, 354 Fed. App'x 276, 277 (8th Cir. 2009) ("The filing-fee provisions of the PLRA apply to civil actions and are not limited solely to prisoner-civil-rights actions.") (citing *United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000), *cert. denied*, 532 U.S. 1053 (2001)). When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Cochrun has indicated the average of the monthly deposits to his account is $30.17, and the average monthly balance of his account is a *negative* $7.07. *See* Docket 4, Prisoner Trust Account Report. Cochrun must make an initial partial

2

filing fee of $6.03, which is 20 percent of $30.17. Thus, Cochrun is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Cochrun's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting complaint must

contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

## DISCUSSION

The subject matter jurisdiction of this court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute. Because there is no viable basis here for federal question jurisdiction or statutory jurisdiction, *see Hull v. Fallon*, 188 F.3d 939, 941 (8th Cir. 1999) (requirements for federal question jurisdiction), subject matter jurisdiction must derive from the citizenship of the parties.

Original jurisdiction exists in the district courts in all civil actions between citizens of different states where the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a). Cochrun bears the burden of proving that diversity of citizenship jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("The proponent of diversity jurisdiction has the burden of proving" that it exists.). Because Cochrun has not alleged any facts to establish he and defendants are citizens of different states in support of diversity jurisdiction, his claim is subject to dismissal. *See Barclay Square Properties v. Midwest Federal Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."). Thus, the court need not consider whether his complaint has met the amount in

controversy requirement. Because this court lacks subject matter jurisdiction, Cochrun has failed to state a claim upon which relief may be granted. Therefore, it is

ORDERED that Cochrun's motion for leave to proceed in forma pauperis (Docket 3) is granted. **Cochrun will make an initial partial filing fee of $6.03 by July 2, 2012**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Cochrun's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that all other pending motions (Docket 5, 6) are denied as moot.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month will be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

Dated May 30, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

5